HEINZEL et al,
*Appellants,*

*v.*

SHIPMAN,
*Respondent.*

(85-0447; CA A39410)

736 P2d 195

Mark F. Bierly, McMinnville, argued the cause for appellants. With him on the briefs was Wood & Bierly, McMinnville.

John M. Gray, Jr., Yamhill County Counsel, McMinnville, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs appeal a judgment dismissing their petition for a writ of mandamus. They seek to compel defendant to issue to them multiple weapons licenses,[1] pursuant to ORS 166.290(1):

> "The sheriff of a county, upon proof before the sheriff, that the person applying therefore is of good moral character, and that good cause exists for the issuance therefore, may issue to such person a license to carry concealed a pistol, revolver or other firearm for a period of one year from the date of the license * * *."[2]

Plaintiffs argue that, under that statute, defendant has the authority to issue multiple weapons licenses.

Plaintiffs confuse defendant's *authority* to issue such licenses with his *duty* to do so.

> " 'A relator is not entitled to mandamus unless he has a clear legal right to the performance of a particular duty sought to be enforced and unless the defendant has a clear legal duty to do the thing he is called upon to do.' " *Brown v. Dearborn,* 52 Or App 237, 243, 628 P2d 405, *rev den* 291 Or 368 (1981), *quoting Lafferty v. Newby,* 200 Or 685, 702, 268 P2d 589 (1954) (Rossman, J., specially concurring).

Even if ORS 166.290(1) grants a sheriff the authority to issue multiple weapons licenses,[3] it cannot be construed to set forth a clear legal duty that requires the sheriff to grant them. The trial court did not err.

Affirmed.

---

[1] "Multiple weapons licenses" refers to either a single license issued to an individual to carry concealed a number of weapons or a number of licenses, each for a single weapon, issued to an individual to allow those weapons to be carried concealed.

[2] Defendant does not dispute that plaintiffs are of good moral character and that good cause exists for the issuance to each of them of a single license to carry concealed a single, specified weapon. Defendant issued such licenses to plaintiffs in early 1985.

[3] Because of our holding, we need not decide whether ORS 166.290(1) authorizes a sheriff to issue multiple weapons licenses.